UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60758-CIV-HUCK/O'SULLIVAN

THOMAS J. DEMAIO,

    Plaintiff,

v.

AL LAMBERTI, SHERIFF OF BROWARD
COUNTY, FLORIDA,

    Defendant.
_____/

### ORDER DENYING MOTION TO DISMISS

Plaintiff Thomas J. Demaio filed this action to recover for injuries arising from an allegedly unprovoked attack by a police officer. The matter is presently before the Court on defendant Officer Mark Davis' motion to dismiss (D.E. #19) Count III of the amended complaint (D.E. #1-2), which alleges, against Officer Davis in his individual capacity, a claim of excessive force under 42 U.S.C. § 1983. For the following reasons, Officer Davis' motion to dismiss is denied.

### FACTS[1]

On March 30, 2006, Officer Davis unprovokedly struck Demaio in the face with Davis' revolver. Demaio claims at the time of the attack he had committed no crime, presented no threat to the officer, did not resisted arrest, had not attempt to flee, and complied with all the Officer's instructions. In conclusory fashion, Demaio also claims that Officer Davis was acting under color of law "as a police officer," though Officer Davis does not dispute this claim.

---

[1] In his motion, Officer Davis alleges a somewhat different set of facts and argues that some of Demaio's contentions are "contradicted by the evidence." In considering a motion to dismiss, the Court can only consider those facts in the amended complaint.

Demaio filed his initial action in state court on February 29, 2008 against defendant Al Lamberti, in his capacity as Sheriff of Broward County, alleging negligent supervision and negligent training under state law. On March 30, 2010, Demaio filed the operative amended complaint, which added the excessive force claim against Officer Davis. On May 10, 2010, Lamberti removed the matter to federal court, and on July 26, 2010, Officer Davis moved to dismiss. On August 19, 2010, Demaio responded. Officer Davis did not reply to Demaio's response.

## LEGAL ANALYSIS

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Officer Davis contends the §1983 claim against him should be dismissed for failure to state a cause of action and on grounds of qualified immunity.

**A. Failure to State a Claim**

1. Preclusion Under Florida Law

Officer Davis argues that Florida Statute § 768.28[2], under which the Broward Sheriff's Office is being sued for negligent supervision and negligent training, precludes a §1983 suit against Officer Davis in his individual capacity. Under § 768.28(9)(a):

> No officer . . . shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer...acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer . . . shall be by action against the governmental entity . . . unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human

---

[2]In Florida, tort claims against "state agencies or subdivisions," are within the purview of § 768.28, which waives the sovereign immunity–with certain exceptions–of state agencies and subdivisions. Fla. Stat. 768.28(1), (9)(a).

> rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer . . . committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Officer Davis' argument is somewhat unclear. However, it seems to be this: (1) section 768.28 prohibits dual liability: either the state is liable–when the conduct is within the scope of employment and not in bad faith–or the officer is liable individually–when the conduct is without the scope of employment or in bad faith; and (2) Demaio is suing the Broward Sheriff pursuant to 768.28; therefore, (3) Demaio cannot also sue Officer Davis individually, as only one may be liable.

Officer Davis cites *McGhee v. Volusia County* in support of his interpretation of §768.28. In pertinent part, *McGhee* determined that §768.28 was amended specifically to

> extend the veil of sovereign immunity to the specified governmental employees when they are acting within the scope of employment, with the employing agency alone remaining liable up to the limits provided by statute. That veil is lifted only where the employee's act [falls] outside the scope of employment, in which event sovereign immunity then shields the employing agency from liability. In any given situation either the agency can be held *liable* under Florida law, or the employee, but not both.

679 So.2d 729, 733 (Fla. 1996) (emphasis added).

There are problems with Officer Davis' argument. Officer Davis is interpreting the last sentence of the *McGhee* excerpt to mean "In any given situation either the agency can [*be sued*] under Florida law, or the employee, but not both." This interpretation is contrary to the language of the statute and *McGhee*, both of which refer to "liability," not "suit." This distinction is consistent with FRCP 8(d)(3) and Fla. R. Civ. P. 1.110(b), which both permit a plaintiff to plead alternatively; in fact, one court has said as much. In *Higgins v. Gee,* the court permitted a plaintiff to plead liability against both the state agency and its employee in a case governed by §768.28. *Higgins v. Gee*, 2008 WL 190493, 6 (M.D. Fla. 2008).

Additionally, at least one court has determined that "[s]ection 768.28(9), which is aimed at tort law, has no bearing on §1983 claims." *J.V. v. Seminole County School Bd.* 2007 WL 7261470, *5 n.13 (M.D. Fla. 2007) (contending that (1) defendant improperly invoked [768.28]'s

general limited waiver of sovereign immunity for tort actions asserted against the state as the basis for shielding her from §1983 liability and (2) defendant's argument that there could be no double liability for tort claims is inapplicable to the §1983 claims raises against her).

Moreover, alleging a violation of §1983 alongside a state law claim is permissible because §1983 claims were intended by Congress to "supplement any available state remedy with a broad statutory remedy for alleged deprivations of federal constitutional rights under color of state authority." *Foster v. Armontrout*, 729 F.2d 583, 585 (8th Cir.1984) (citing *Monroe v. Pape*, 365 U.S. 167, 173-74 (1961). The language "[a]ny available state remedy" indicates that Demaio is able to supplement his state suit against Broward Sheriff with a §1983 suit against Officer Davis.

### 2. The Purportedly "Heightened" Pleading Standard

Officer Davis also argues that Demaio failed to plead sufficient facts to support a §1983 claim in light of the "heightened pleading standard" used in the Eleventh Circuit. However, the Eleventh Circuit no longer used a heightened pleading standard, nor did it when Officer Davis filed his motion to dismiss.

The Eleventh Circuit recently recognized that while it once imposed a heightened standard of pleading on §1983 claims against defendants raising a qualified immunity defense, the continued imposition of those requirements is inappropriate, as those requirements "have since been replaced by the *Twombly-Iqbal* plausibility standard." *Randall v. Scott*, 610 F.3d 701, 708, n.2 (11th Cir. 2010). Although prior to *Randall* the Eleventh Circuit equated its heightened pleading standard with *Twombly-Iqbal* plausibility standard, in *Randall*, the Eleventh Circuit explicitly says that "[a]fter *Iqbal* it is clear that there is no heightened pleading standard as it relates to cases governed by Rule 8(a)(2), including civil rights complaints. All that remains is the Rule 9 heightened pleading standard." *Id.* at 710. "Pleadings for §1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*." *Id.* Although Demaio and Officer Davis offer arguments as to why Demaio's pleadings do or do not meet the Eleventh Circuit's heightened pleading standard, as that standard is not longer used, the Court will simply determine whether Demaio's amended complaint alleges facts sufficient to meet the *Twombly-Iqbal* "plausibility" standard. Demaio alleges in his amended complaint that on March 30, 2006:

- "Officer Mark Davis was an employee of the Broward County Sheriff's Department [and] was acting under the Color of Law as a police officer";
- "use[d] excessive force under Color of law by striking Plaintiff in [the] face with his revolver without provocation" and
- "at no time did . . . Thomas J. Demaio commit any crime, pose any immediate threat to the safety of the officer, resist arrest, or attempt to evade arrest by flight and at all times complied with the instructions of said officer."

Demaio contends that Officer Davis' use of excessive force deprived Demaio of constitutional rights under the Fourth and Fourteenth Amendments in violation of §1983. Although Officer Davis does not challenge it, Demaio's assertion that "Officer Davis was an employee of the Broward County Sheriff's Department [and] was acting under color of law as a police officer" is conclusory. However, if one infers from the allegation that Officer Davis was on duty, then viewed in light of the *Twombly-Iqbal* "plausibility" standard, the facts as Demaio alleges them–that Officer Davis, acting under color of law as a police officer, hit him in the face with a gun without provocation or justification–state a claim for relief under §1983.

**B. Qualified Immunity**

    1. Officer Davis' Burden: Establishing Discretionary Authority

Officer Davis contends that when he allegedly hit Demaio, he was acting within his discretionary authority and his conduct "did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." However, the Court need not address the issue of whether Officer Davis established that he was acting in his discretionary authority, because, assuming that Officer Davis was acting in his discretionary authority, the alleged facts indicate that he violated a clearly established constitutional right.

    2. Violation of a Clearly Established Constitutional Right

Regardless of whether Officer Davis was acting within his discretionary authority or not, he violated Demaio's clearly established constitutional rights and is not entitled to qualified immunity. Traditionally, once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply. " *Lewis*, 561 F.3d at1291.  Plaintiffs establish this by "showing that (1) the facts, as alleged and viewed in the light most favorable to them, established a constitutional violation and . . . (2) the constitutional right violated was

clearly established." *Manseau v. City of Miramar*, 2010 WL 3528819, *1 (11th Cir. 2010) (unpublished decision).

In excessive force cases, the issue of whether a constitutional violation occurred is evaluated using the Fourth Amendment's "objective reasonableness" standard. *Graham v. Conner*, 490 U.S. 386, 388 (1989). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id.* Ultimately, the objective reasonableness inquiry in an excessive force case centers on "whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. If an officer's actions are "objectively unreasonable" in light of the facts and circumstances, there is a constitutional violation.

Once it has been determined that there is a constitutional violation, the circumstances are examined to see if the right was clearly established at the time of the violation. A right can be "clearly established" in one of three ways: (1) through explicit statutory or constitutional statements; (2) through authoritative judicial decisions that establish broad principles of law that are clearly applicable in a variety of factual contexts going beyond the particular circumstances of the decisions that establishes the principle; and (3) most commonly, through case law that finds the conduct unlawful in materially similar factual circumstances. *Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189, 1208-09 (11th Cir. 2002).

In determining whether a right is clearly established, "[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008). "For a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Id.*

In *Hadley*, the Eleventh Circuit held that as of 2002, established precedent "would inevitably lead every reasonable officer...to conclude that the force" used here–punching a non-

resisting criminal suspect for no apparent reason...is not protected by our constitution."[3] *Id.* at 1333-1334 (internal quotations omitted). Nothing in the amended complaint indicates that Officer Davis' striking Demaio in the face with a revolver was "objectively reasonable." If Demaio did not "commit any crime, pose any immediate threat to the safety of the officer, resist arrest, or attempt to evade arrest by flight and at all times complied" with Officer Davis' instructions, it is unlikely that, "from the perspective of a reasonable officer on the scene," Officer Davis' unprovoked striking of Demaio in the face with a revolver would be considered "objectively reasonable." Therefore, Officer Davis, at this juncture, cannot avail himself of qualified immunity.

## CONCLUSION

For the foregoing reasons, Officer Davis' motion to dismiss is denied.

DONE and ORDERED in Chambers, Miami, Florida, October 1, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record.

---

[3] The 11th Circuit's complete analysis held that "a handcuffed, non-resisting defendant's right to be free from excessive force was clearly established in February 2002. [We also] concluded that slamming a non-resisting criminal suspect's head onto [the] hood of a car constituted excessive force. Along those same lines, we proclaimed...that "[b]y 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has already been subdued..." Applying the "excessive force standard would inevitably lead every reasonable officer...to conclude that the force used here–punching a non-resisting criminal suspect for no apparent reason...is not protected by our constitution." *Hadley*, 526 F.3d at.1333 (internal quotations omitted).